IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| UNITED STATES OF AMERICA | **I N D I C T M E N T** |
|---|---|
| v. | Case No. _____ |
| ESTHER MARLENE DECOTEAU, a/k/a ESTHER PERDOMO | Violations:  21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846 |

COUNT ONE

**Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine**

The Grand Jury Charges:

Beginning in or around 2015, and continuing until October 25, 2025, in the

District of North Dakota, and elsewhere,

ESTHER MARLENE DECOTEAU, a/k/a ESTHER PERDOMO,

knowingly and intentionally combined, conspired, confederated, and agreed with others,

both known and unknown to the grand jury, to distribute and possess with intent to

distribute a controlled substance, namely, 500 grams or more of a mixture and substance

containing a detectable amount of methamphetamine, a Schedule II controlled substance,

in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one

or more of the conspirators committed the following overt acts:

1.      It was a part of said conspiracy that conspirators would and did distribute,

and possess with intent to distribute, controlled substances, namely, a mixture and

substance containing a detectable amount of methamphetamine, in and around the Turtle

Mountain Indian Reservation; Dunseith, North Dakota; Grand Forks, North Dakota;

Minneapolis, Minnesota; and elsewhere;

2.     It was further a part of said conspiracy that the conspirators would and did

use United States currency in their drug transactions;

3.     It was further a part of said conspiracy that the conspirators would and did

use telecommunication facilities, including cellular telephones, to facilitate the

distribution of controlled substances, monitor the shipments of controlled substances, and

distribute and collect drug proceeds;

4.     It was further a part of said conspiracy that the conspirators utilized local

North Dakota residents as sub-distributors and associates to locate customers and

consumers of controlled substances; and

6.     It was further a part of said conspiracy that the conspirators would and did

secret and conceal drug proceeds within their residence;

In violation of Title 21, United States Code, Section 846, and Pinkerton v. United

States, 328 U.S. 640 (1946).

<u>COUNT TWO</u>

**Possession with Intent to Distribute Methamphetamine**

The Grand Jury Further Charges:

On or about October 25, 2025, in the District of North Dakota,

ESTHER MARLENE DECOTEAU, a/k/a ESTHER PERDOMO,

knowingly and intentionally possessed with intent to distribute a controlled substance,

namely, 500 grams or more of a mixture and substance containing a detectable amount of

methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1) and

841(b)(1)(A)(viii).

## FORFEITURE NOTICE

Upon conviction of Counts One or Two in this Indictment,

ESTHER MARLENE DECOTEAU, a/k/a ESTHER PERDOMO,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or deriving from any proceeds obtained directly or indirectly as a result of the violation and any and all property used or intended to be used in any manner or part to commit or facilitate the commission of the violation alleged in this Indictment, including but not limited to the following:

- Approximately $577,662.00 in United States currency seized on or about January 16, 2025, at a residence in Dunseith, North Dakota; and

- Approximately $10,509.00 in United States currency seized on or about October 25, 2025, from an automobile in Grand Forks County, North Dakota.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) Cannot be located upon the exercise of due diligence;

(b) Has been transferred to, sold to, or deposited with a third person;

(c) Has been placed beyond the jurisdiction of the Court;

(d) Has been substantially diminished in value; or

(e) Has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of ESTHER MARLENE DECOTEAU,

a/k/a ESTHER PERDOMO, up to the value of the above-listed forfeitable property.

A TRUE BILL:

/s/ Foreperson
_____
Foreperson

/s/ Nicholas W. Chase
_____
NICHOLAS W. CHASE
United States Attorney

PEJ/th